IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ERICSON PEREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.2:11cv09-CSC |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

This is a *pro se* petition for a writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.  (Doc. No. 1.)  Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties consented to having the United States Magistrate Judge conduct all proceedings in this case and order the entry of final judgment.

## I.   BACKGROUND

The petitioner, Ericson Perez ("Perez"), is currently incarcerated at the Federal Prison Camp in Montgomery, Alabama, serving a 22-month sentence, imposed in 2010 by the United States District Court for Southern District of Florida, upon his conviction for loan-application fraud.  In his petition, Perez claims that the Federal Bureau of Prisons ("BOP") has failed to properly consider the mandated statutory criteria in determining the duration of his placement in a residential reentry center

("RRC") for the final portion of his federal sentence, in violation of the Second Chance Act.  When he filed his petition, Perez's projected release date was November13, 2011, assuming he receives all good conduct time available.

In compliance with this court's orders, the respondent has filed an answer arguing that Perez's petition should be dismissed because Perez has not exhausted administrative remedies with respect to his claims.  (Doc. No. 16 at pp. 3-8.)  In addition, the respondent contends that Perez was properly considered, in compliance with all statutory requirements, for pre-release placement in an RRC. (*Id*. at pp. 8-11.**)**

## II.  DISCUSSION

By his petition, Perez seeks to have the BOP consider him for placement in an RRC for the final portion of his sentence, for the maximum amount of time allowed, pursuant to the authority of the Second Chance Act of 2007.  (Doc. No. 1) He apparently requests that this court issue an order directing the BOP to consider him on an individualized basis using the five factors set forth in 18 U.S.C. § 3621(b), plus take into account the language in 18 U.S.C. § 3624 (c)(6)(C), granting him the maximum amount of time in the RRC to provide the greatest likelihood of successful reintegration into the community.

The Second Chance Act amended 18 U.S.C. §§ 3621(a) and 3624(c).  Pursuant to the Second Chance Act, the BOP staff is required to review inmates for RRC

2

placement 17 to 19 months before their projected release date, and inmates are to be individually considered using the five factors listed in § 3621(b).  The pleadings and exhibits before this court reflect that the BOP has conducted an assessment of Perez's suitability for RRC placement and has recommended that he be placed in an RRC for the final 120 days of his sentence.  The pleadings further reflect that Perez has not attempted to pursue relief from the BOP's placement determination via the BOP's administrative remedies.  For his part, Perez maintains that exhaustion should be excused because, he says, it would be futile to pursue the BOP's administrative remedies.  (Doc. No. 1 at pp. 6-8.)

It is well settled in this circuit that a federal prisoner who requests habeas corpus relief under 28 U.S.C. § 2241 must first exhaust his administrative remedies before seeking relief from this court.  *See Skinner v. Wiley*, 335 F.3d 1293, 1295 (11th Cir. 2004); *Gonzalez v. United States*, 959 F.2d 211 (11th Cir. 1992).  The BOP has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court. *See* 28 C.F.R. §§ 542.10 et seq.; *United States v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990).  These regulations govern formal review of inmate complaints relating to any aspect of their imprisonment and specify the procedures that inmates must pursue before attempting to seek relief in federal court. *United States v. Herrera*, 931 F.2d 761, 764 (11th Cir. 1991).  If, and only if, an

3

inmate has pursued his administrative remedies may he seek relief in federal court. *Id*. "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels [of the BOP's administrative remedies]." *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994).

Perez has not exhausted the three-level administrative remedy process, set forth at 28 C.F.R. §§ 542.10-.15, with regard to his claims concerning his eligibility for placement in an RRC. Therefore, he has not satisfied the requirement that he exhaust his available administrative remedies before seeking habeas corpus relief in federal court.

Perez maintains that exhaustion should be excused in his case because it would be futile to pursue the BOP's administrative remedies. (Doc. No. 1 at pp. 6-8.) He suggests that he will be delayed in vindicating his rights if he complies with the BOP's administrative remedies program and that the time required to exhaust administrative remedies would deprive him of the full time he alleges he is entitled to serve in an RRC. However, there are deadlines incorporated into the administrative remedies program that prevent the BOP from unreasonably delaying consideration of a request for review and any appeal therefrom. *See, e.g.*, 28 C.F.R. § 542.18 (setting forth BOP response times at various levels of review). Perez has not established extraordinary circumstances justifying waiver of the exhaustion

requirement.   Therefore, dismissal of Perez's petition for failure to exhaust administrative remedies is warranted.

### III.   CONCLUSION

Accordingly, the court finds that the 28 U.S.C. § 2241 petition for habeas corpus relief should be DISMISSED without prejudice because Perez has failed to exhaust administrative remedies in accordance with the procedures established by the BOP.

A separate final judgment will be entered.

Done this 11th day of July, 2011.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE